IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OMAR L. NELSON**     **PLAINTIFF**

**VS.**     **CIVIL ACTION: 1:14cv374-LG-RHW**

**PEARL RIVER COUNTY**
**SHERIFF'S DEPARTMENT,** *et al.*     **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court are five motions to dismiss filed by the Defendants in this prisoner civil rights lawsuit commenced by Omar L. Nelson on September 30, 2014 under 42 U.S.C. § 1983. Plaintiff's lawsuit seeks damages for an allegedly improper 2011 State court forfeiture proceeding involving personal property seized under a search warrant by the Pearl River County Sheriff's office in connection with a drug investigation. Motions [8] and [10] were filed December 17, 2014 by Assistant District Attorneys (ADAs) Lauren Harless and Morris Sweatt; Motion [13] was filed December 19, 2014 on behalf of Pearl River County Sheriff's Department; and Motions [14] and [16] were filed December 23, 2014, the former by Circuit Court Judge Prentiss G. Harrell,[1] and the latter by Sheriff David Allison, Donnie Saucier, Justin Farmer, Joe Garcia and Van Giadrosich. Plaintiff has filed no specific response to any of the motions, but the undersigned has reviewed all his pleadings on file. In any event, since the motions before the Court are dispositive, they are considered on their merits.

Background, Facts and Procedural History

The following are the underlying facts from which this lawsuit arises as stated in *Nelson v. State of Mississippi*, Case No. 2013-CP-00835-COA (Miss. App., September 16, 2014):

---

[1] The Court uses the surname spelling presented in Judge Harrell's pleadings.

> Omar Nelson was involved in an illegal drug-trafficking operation, supplying Pearl River County with illegal drugs. The Pearl River County Sheriff's Department conducted a year-long investigation, with help from the United States Drug Enforcement Agency to assist with possible federal prosecution. The sheriff's department served warrants on properties occupied and used by Nelson. During the execution of the search warrants, several items belonging to Nelson were seized; some of these items were used as evidence in Nelson's criminal prosecution; and some were seized as forfeitable items.

*Id.*, ¶1. See also, [1-2] Pearl River County Sheriff's Department Incident Report attached as Exhibit B to Plaintiff's complaint.

On March 2, 2011, Nelson was charged in the United States District Court for the Southern District of Mississippi with (1) conspiracy to possess and (2) possession with intent to distribute drugs. *USA v. Omar Nelson*, Criminal Action No. 1:11cr27. Nelson pled guilty to Count 2 of that indictment on August 1, 2011, and was sentenced on October 3, 2011, to serve 60 months in custody of the Bureau of Prisons (BOP) and three years supervised release, and to pay a $100.00 special assessment. The BOP web site shows Nelson is presently incarcerated at the Federal Correctional Institution at Talladega, Alabama, and his release date is July 10, 2015.

According to the Mississippi Court of Appeals opinion, on March 25, 2011, the State of Mississippi filed in the Circuit Court of Pearl River County, on behalf of the Pearl River County Sheriff's Department, a petition for forfeiture of items seized.[2] The filing attorney was ADA Lauren Harless. Summons issued to Nelson the same day the petition was filed, and the return of process establishes Nelson was personally served on June 22, 2011. Nelson does not deny he was served with the civil forfeiture petition. When Nelson failed to respond to the forfeiture petition, ADA Harless filed a motion for entry of default, and for default judgment and a hearing to determine whether the property in question was subject to forfeiture. Default was entered and

---

[2]*State of Mississippi, Ex Rel Pearl River County Sheriff's Department v. One (1) Dodge Charger, VIN 2B3KA53H26H499877, et al.*, Cause No. 2011-0151 in the County Court of Pearl River County, Mississippi.

Honorable Prentiss G. Harrell, Circuit Court Judge for the Fifteenth Circuit Court District of Mississippi, heard the matter, concluded the property was forfeited, and entered default judgment on August 16, 2011, declaring the Pearl River County Sheriff's Department and the Fifteenth Circuit Court District Attorney the owners of the property.  [1-4], [14-1][3]

Almost two years later, on April 29, 2013, Nelson petitioned the state court for return of his seized property.[4]  The trial court dismissed the petition with prejudice, holding it untimely filed.  Nelson appealed, asserting jurisdiction was proper in federal rather than state court.  ADA Morris Sweatt filed the State's appellate brief.  On September 16, 2014, the Mississippi Court of Appeals affirmed the trial court's holding that Nelson's 2013 petition was untimely under MISS. CODE ANN. § 41-29-179(1).  Under the statute, the owner of property which has been seized must file an answer within 30 days after service of process, and if no answer is filed, the court shall hear evidence that the property is subject to forfeiture and forfeit the property to the Mississippi Bureau of Narcotics or local law enforcement agency.

In the present lawsuit Nelson has sued the Pearl River County Sheriff's Department; Pearl River County Sheriff David Allison and officers Donnie Saucier, Justin Farmer, Joe Garcia and Van Giadrosich; ADAs Harless and Sweatt, and Circuit Judge Harrell.  Nelson's complaint

---

[3]Some of the state court documents have been presented by the parties in this action; all are available from the general docket of the Mississippi Supreme Court in Nelson's case in that court:  number 2013-CP-00835.

[4]In the interim, on February 11, 2013, Nelson had filed a motion for return of seized property in his federal court criminal case, alleging "there was in fact a forfeiture proceeding but that the items listed herein were NOT included in that proceeding," the items sought being a diamond encrusted gold chain, a gold chain, a customized logo medallion, a customized medallion, a Joe Rodeo Diamond Bezel watch, and a book: "Message to the Black Man by the Most Honorable Elijah Muhammad." Document [62], *USA v. Nelson*, Criminal Case 1:11cr27-HSO-RHW.  Nelson filed an amended motion [64] on March 1, 2013, again stating the items listed were seized but "not included in the forfeiture proceeding," and added to the list of items he sought to have returned a Samsung Television serial number Z1MF3CHZA18976), $9,000.00 in U.S. currency "in back of television," and 108 CDs.  On April 19, 2013, the United States responded that it neither seized nor ever had custody of any of the property mentioned in the motion. Document [67], *USA v. Nelson*, Criminal Case 1:11cr27-HSO-RHW; [1-3].  By text order entered April 23, 2013, U.S. District Judge Walter J. Gex III held motions [62] and [64] moot, finding the items sought were not in possession of the United States.

consists largely of conclusory allegations, legal conclusions, case law citations and quotations, but the thrust of his lawsuit challenges the propriety of the 2011 state court forfeiture proceeding. Nelson contends the state proceeding was unlawful because his criminal prosecution occurred in federal rather than state court, thus only the federal court was authorized to conduct forfeiture proceedings.  He contests whether procedures adopted by a state effectuating the forfeiture of personal property connected with criminal conduct comport with procedural due process, urges the state's failure "to provide an opportunity for hearing either before or after seizure of private property violates Fourteenth Amendment due process requirements..." [1, pp. 2-3], and argues the state court forfeiture proceeding violated the double jeopardy clause of the Fifth Amendment. Defendants have moved for dismissal under FED.R.CIV.P. 12(b)(1), 12(b)(6) and 12(c).

Standards for Rule 12 Dismissal

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction.  "The requirement that [this Court's] jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3).  The burden is on the party seeking to invoke this Court's jurisdiction to demonstrate that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996))).  "Lack of subject matter jurisdiction may be found in any one of

three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.  Dismissal is proper under Rule 12(b)(1) "when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Pan-American Life Ins. Co. v. Bergeron*, 82 Fed.Appx. 388, 389 (5th Cir. 2003).

When a complaint is challenged under Rule 12(b)(6) a plaintiff must provide grounds for his entitlement to relief, which requires more than mere labels, conclusions or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court takes factual allegations as true, but that deference is not accorded to legal conclusions. *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level..." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).  To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*., (quoting *Twombly*, 550 U.S. at 570).

Rule 12(c), Fed.R.Civ.P., provides that "[a]fter the pleadings are closed – but early enough not to delay trial, any party may move for judgment on the pleadings."  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(citations omitted).  The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss. *Boyd v. Dallas Independent School Dist.*, 2009 WL 159243, at *1 (N.D. Tex. Jan. 21, 2009) (citing *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d

177, 180 (5th Cir.2007)).  Motions to dismiss under both Rules are disfavored, and rarely granted. See *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) and *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981).  Under both Rules pleadings are construed liberally, and in the light most favorably to the Plaintiff, "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 440 n. 8. (5th Cir.2000)).  And under both Rules the Court's analysis is "generally confined to a review of the complaint and its proper attachments."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir.2008).  On a motion to dismiss, the Court may consider documents referenced in or attached to the complaint, and may take judicial notice of documents in the public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir.2011).  While complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, the Plaintiff's pleadings must show facts, not mere conclusory allegations, to avoid dismissal under Rule 12(c).  Although the Court takes factual allegations in the complaint as true, it is not required to accept conclusory allegations or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. at 678; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").  When it is clear that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief, dismissal is appropriate.  *Jones v.Greninger*, 188 F.3d 322, 324 (5th Cir.1999).  Applying these standards to the case at bar, the undersigned is of the opinion that the Defendants' motions to dismiss should be granted.

Discussion

Motion [13] urges dismissal under Rule 12(c) of Plaintiff's claims against Pearl River County Sheriff's Department, on grounds that the Sheriff's Department is not a proper party defendant as it is not a political subdivision amenable to suit.  To be properly named as a defendant, a department of a local governmental entity must enjoy a separate legal existence, and the Sheriff's Department has no legal existence separate from the county.  *Breland v. Forrest County Sheriff's Dep't*, 2013 WL 1623997 at *4 (S.D. Miss., April 15, 2013)(citing *Fuhgetaboutit, LLC v . Columbus Police Dept.*, 2011 WL 4529665 at *2 (N.D. Miss. September 28, 2011)(holding police/sheriff's departments in Mississippi not subject to suit because they do not enjoy a separate legal existence from their cities/counties); see also *Bradley v. City of Jackson*, 2008 WL 2381517 at *2,  (S.D. Miss. June 5, 2008)(holding a police department is not a proper party because it is not a political subdivision or legal entity, but merely a department of the city).  Because Pearl River County Sheriff's Department is not an entity amenable to suit, the undersigned recommends that Motion [13] be granted, and the case dismissed as to Pearl River County Sheriff's Department.

In Motion [16], Sheriff Allison and officers Saucier, Farmer, Garcia and Giadrosich also seek dismissal under Rule 12(c), asserting all Plaintiff's claims are barred by the *Rooker-Feldman* doctrine which bars the District Court from reviewing claims "inextricably intertwined" with state court judgments, *i.e.*, when the District Court "is in essence being called upon to review the state-court decision." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).   Federal district courts do not have jurisdiction to entertain collateral attacks on state court judgments.  *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Feldman*, 460 U.S. at 486; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923)).

Nelson cannot "circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).  Nelson cannot obtain review of the state court forfeiture judgment by filing a complaint in this Court couched in terms of a civil rights suit.  *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Liedtke*, 18 F.3d at 317; *Blackland Community Development Corp. v. Jackson*, 2014 WL 5469812 at *2 (W.D. Tex. Oct. 28, 2014).  Because Nelson seeks damages for the forfeiture of property pursuant to the judgment of the state court, the undersigned is of the opinion that his claims are barred by *Rooker-Feldman*.  The undersigned is unpersuaded by Nelson's argument in document [19] that he is not challenging the judgment but instead seeks damages for fraud which led to the entry of the judgment, because this would still constitute a collateral attack on the judgment since a judgment based on fraud is a nullity.  Furthermore, the "fraud" he asserts appears to be a bootstrap argument based on his legally unsupported claim that only federal authorities were authorized to pursue forfeiture of the property seized under search warrants by Pearl River Sheriff's Department.  The undersigned recommends that motion [16] be granted, and this case dismissed as to Sheriff Allison and Officers Saucier, Farmer, Garcia and Giadrosich.

In Motions [8], [10] and [14], ADAs Harless and Sweatt, and Judge Harrell seek dismissal of Plaintiff's claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  These defendants also argue Nelson's claims are barred (1) by the *Rooker-Feldman* doctrine, (2) by the Eleventh Amendment, (3) by absolute prosecutorial immunity as to Harless and Sweatt; (4) by the doctrine of qualified immunity as to Harless and Sweatt; and (5) by absolute judicial immunity as to Judge Harrell.

Although ADAs Harless and Sweatt and Judge Harrell are named as defendants in the style of the case, their names are not otherwise mentioned in Plaintiff's 13-page complaint.[5] Sweatt's name appears as filing counsel on the state's brief in Nelson's Mississippi Supreme Court appeal in Case 2013-CP-835, Nelson's Exhibit A [1-1]; Harless's name appears as the filing attorney on the motion for default judgment filed in the state court forfeiture proceeding, Nelson's Exhibit D [1-4]; and Judge Harrell signed the court order granting default judgment in the state forfeiture proceeding. [18-1]  Accepting these facts as true as to these Defendants, the undersigned finds Plaintiff has failed to state a claim upon which relief can be granted.  Signing a the motion for default judgment and filing the appellate brief on behalf of the District Attorney's office constitute conduct unquestionably related to Harless and Sweatt's official positions and prosecutorial function.  The undersigned finds Harless and Sweatt are protected by absolute prosecutorial immunity from Plaintiff's claims.  See *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003)(absolute prosecutorial immunity encompasses all actions which occur in the course of the prosecutor's role as advocate for the State); *Buckley v. Fitzsimmons*, 509 U.S. 259, ?273 __ (1993)("Acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings ... and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").  In light of this finding, it is unnecessary to address qualified immunity.

Judge Harrell's conducting court proceedings and signing the order granting default judgment are acts performed in the exercise of his judicial function, and he is entitled to absolute judicial immunity from Plaintiff's claims.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  See

---

[5]Plaintiff's complaint refers to Defendants collectively, without specific identification of what any individually named defendant did to deprive him of any constitutional right.

also *Mireles v. Waco*, 502 U.S. 9, 10 (1991)(citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Furthermore, to the extent that Nelson claims acts by Harless, Sweatt and Judge Harrell were done in their official capacities, these three defendants are entitled to Eleventh Amendment immunity, as such official capacity claims are actually against the entity of which each is an agent, in this case the State of Mississippi. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) The Eleventh Amendment bars suits by private citizens against a State, and against state actors sued in their official capacities in federal court. *KP v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010)(citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978) and *Nelson v. University of Texas at Dallas*, 535 F.3d 318, 320 (2008)); see also *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). For the above stated reasons, the undersigned recommends that motions [8], [10] and [14] be granted, and Plaintiff's claims against ADA Harless, ADA Sweatt and Judge Harrell be dismissed for failure to state a claim upon which relief can be granted.

Finally, the undersigned finds no merit in Plaintiff's double jeopardy claim. The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb;" it serves the function of preventing "successive punishments and ... successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Witte v. United States*, 515 U.S. 389, 396 (1995).

> A civil forfeiture proceeding is an *in rem* action which proceeds on the legal fiction that the property itself is guilty of wrongdoing. Though a criminal conviction is not a prerequisite to a civil forfeiture, such a civil proceeding usually involves property that has been used in, or that is related to, a criminal enterprise. ... A conviction is not assumed to be a prerequisite for a forfeiture unless the statute expressly or impliedly requires it.

*Mississippi Bureau of Narcotics v. Harrison County*, 623 So. 2d 267, 269-70 (Miss.

1993)(quoting *Bureau of Narcotics v. Lincoln County*, 605 So.2d 802, 804 (Miss. 1992)).  Under Mississippi law, where criminal proceedings are never brought or in cases where forfeiture proceedings are not adjudicated in conjunction with a criminal trial, the forfeiture provisions of Miss. Code Ann. §§41-29-176 through 41-29-181 apply.  *Bell v. State*, 623 So.2d. 267 (Miss. 1993).  The forfeiture provisions in these statutes are civil in nature, rather than criminal.  *State ex rel. Mississippi Bureau of Narcotics v. Lincoln County*, 605 So.2d 802 (Miss. 1992).  The United States Supreme Court has held  "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." *United States v. Ursery*, 518 U.S. 267, 292 (1996).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendants' motions to dismiss be granted, and Plaintiff's complaint dismissed for failure to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general

objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 19th day of June, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE