IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OMAR L. NELSON**                                                     **PLAINTIFF**

v.                                                            **CAUSE NO. 1:14CV374-LG-RHW**

**PEARL RIVER COUNTY**
**SHERIFF'S DEPARTMENT, et al.**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS

**BEFORE THE COURT** is the Report and Recommendation [20] entered by United States Magistrate Judge Robert H. Walker, which recommends that the Motion to Dismiss [8] filed by Lauren Barnes Harless, the Motion to Dismiss [10] filed by A. Morris Sweatt, the Motion to Dismiss [13] filed by the Pearl River County Sheriff's Department, the Motion to Dismiss [14] filed by Judge Prentiss G. Harrell, and the Motion to Dismiss [16] filed by David Allison, Justin Farmer, Joe Garcia, Van Giadrosich, and Donnie Saucier should be granted. The plaintiff Omar Nelson filed a notice of appeal, which this Court has construed as an objection to the Report and Recommendation. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court and the Motions to Dismiss filed by all of the defendants should be granted. Nelson's Complaint is therefore dismissed with prejudice.

### BACKGROUND

On March 2, 2011, Nelson was charged in federal court with conspiracy to possess drugs and with possession with intent to distribute drugs following a joint

investigation of the United States Drug Enforcement Agency and the Pearl River County Sheriff's Department. *United States v. Nelson*, No. 1:11cr27-HSO-RHW-2; *see also Nelson v. State*, 147 So. 3d 401, 401 (¶1) (Miss. Ct. App. 2014). On August 1, 2011, Nelson pled guilty to the possession charge, and on October 3, 2011, he was sentenced to serve sixty months imprisonment and three years of supervised release.

On March 25, 2011, the Pearl River County Sheriff's Department filed a petition in the Circuit Court of Pearl River County, Mississippi, seeking forfeiture of several items that had been seized from Nelson during the joint investigation. *Nelson*, 147 So. 3d at 401 (¶2). Nelson was served with process on June 22, 2011, but he failed to respond to the petition. *Id.* The circuit court entered a default judgment on August 16, 2011, declaring that the Pearl River County Sheriff's Department and the Fifteenth Circuit Court District Attorney's Office were owners of the property. *Id.* at 401-02 (¶3). Nelson filed a petition seeking return of his property on April 29, 2013, but the Circuit Court dismissed the petition as untimely. *Id.* at 402 (¶4). Nelson filed an appeal, but the Mississippi Court of Appeals affirmed the circuit court's determination that Nelson's petition was untimely. *Id.* at 402 (¶4, ¶6).

Nelson filed the present Section 1983 lawsuit on September 30, 2014, asserting that the forfeiture of his property constituted a violation of the Double Jeopardy Clause of the Fifth Amendment. He has sued the Pearl River County Sheriff's Department, Sheriff David Allison, and the following officers: Donnie

Saucier, Justin Farmer, Joe Garcia, and Van Giadrosich. He has also sued two assistant district attorneys – Morris Sweatt and Lauren Harless – and Circuit Judge Prentiss Harrell. All of the defendants have filed Motions to Dismiss, and Judge Walker has recommended that all of the Motions should be granted. Judge Walker found that: (1) the Pearl River Sheriff's Department is not an entity amenable to a lawsuit; (2) Nelson's claims are barred by the *Rooker-Feldman* doctrine; (3) ADAs Harless and Sweatt are entitled to prosecutorial immunity; (4) Judge Harrell is entitled to absolute judicial immunity; (5) ADAs Harless and Sweatt and Judge Harrell are entitled to Eleventh Amendment immunity; and (5) the forfeiture of Nelson's property did not violate the Double Jeopardy Clause. Nelson has filed an objection, arguing that the defendants' Motions to Dismiss should not be granted, because the forfeiture of his property violated the Fifth Amendment prohibition of double jeopardy. Nelson did not object to the remainder of Judge Walker's recommendations.

## DISCUSSION

Nelson relies on the following cases in support of his argument that the forfeiture of his property violated the Double Jeopardy Clause of the Fifth Amendment: *Helvering v. Mitchell*, 303 U.S. 391 (1938); *United States v. Halper*, 490 U.S. 435 (1989); *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767 (1994); *United States v. Ursery*, 518 U.S. 267 (1996); and *United States v. Arreola-Ramos*, 60 F.3d 188 (5th Cir. 1995). The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of

life or limb." U.S. Const. amend. 5. "The Clause serves the function of preventing both 'successive punishments and successive prosecutions'" for the same offense. *Ursery*, 518 U.S. at 273 (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)).

In *Helvering*, the first case relied upon by Nelson, the Supreme Court explained that "Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the Double Jeopardy Clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense." *Helvering*, 303 U.S. at 399. Since a fifty percent addition for tax deficiencies due to fraud was a civil sanction, imposition of the addition after the taxpayer was acquitted on related criminal charges did not violate the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 405-06.

The *Halper* decision established that there are circumstances in which a civil penalty may constitute "punishment" for the purposes of double jeopardy analysis. *Halper*, 511 U.S. at 436. The Court held that "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.* at 448-49. The Court held:

> Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

*Id.* at 449. In *Kurth Ranch*, the Supreme Court held that a tax imposed on the

possession and storage of dangerous drugs constituted "punishment" for the purpose of double jeopardy analysis. *Kurth Ranch*, 511 U.S. at 783-84.

In *Arreola-Ramos*, the Fifth Circuit held that a summary forfeiture did not violate the Double Jeopardy Clause, because the plaintiff had never made an appearance in the forfeiture case. *Arreola-Ramos*, 60 F.3d at 192-93. "In summary forfeiture proceedings," the court reasoned, "there is no trial, there are no parties, and *no one is punished*." *Id.* at 193.

The *Ursery* decision described the history of the Supreme Court's treatment of in rem forfeiture proceedings in challenges brought pursuant to the Double Jeopardy Clause. *Ursery*, 518 U.S. at 274-78. The Court reached the conclusion that "[i]n rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." *Id.* at 278. The Court reversed the lower court's determination that *Halper*, *Kurth Ranch*, and other decisions overruled the Supreme Court's previous cases holding that civil forfeiture does not implicate the Double Jeopardy Clause. *Id.* at 282.

The Court noted that the holding in *Halper* was limited to civil penalties and did not apply to civil forfeiture proceedings. *Id.* at 282-83. "While a 'civil action to recover . . . penaltie[s], is punitive in character,' and much like a criminal proceeding in that '[i]t is the wrongdoer in person who is proceeded against . . . and punished,' in an in rem forfeiture proceeding, 'it is the property which is proceeded against, and by resort to a legal fiction, held guilty and condemned.'" *Id.* at 283

(quoting *Various Items of Personal Prop. v. United States*, 282 U.S. 577, 580-81 (1931)). The *Kurth Ranch* decision was likewise held to be inapplicable to forfeiture proceedings, because it concerned a tax proceeding. *Id.* at 288. The Court stated that "nothing in *Halper* [or] *Kurth Ranch* . . . purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." *Id.* at 287.

The *Ursery* Court held that a two-part inquiry should be utilized in order to determine whether a forfeiture constitutes "punishment." *Id.* at 288. First, courts must determine whether the legislature intended the forfeiture proceeding at issue to be criminal or civil. *Id.* Second, courts must "consider whether the proceedings are so punitive in fact as to 'persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature,' despite the legislature's intent." *Id.* (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 366 (1984)). After analyzing the forfeiture statutes, the Court held that forfeitures accomplished pursuant to those statutes did not constitute "punishment" under the Double Jeopardy Clause. *Id.* at 292.

Nelson's property was forfeited pursuant to Miss. Code Ann. § 41-29-176 et seq.

> Construing this statute in a manner consistent with constitutionality, the forfeitures that occur through the procedures outlined *are civil in nature and not criminal*. The forfeitures proceed against the seized property and not against the person. There is no mention in the outlined administrative process of a criminal action or conviction being a prerequisite to forfeiture. The forfeitures provided for in §§ 41-29-176 through 41-29-181 are against the property and not as a penalty

upon conviction. A person is not necessary to a forfeiture proceeding under the statutes . . . .

*State ex rel. Miss. Bureau of Narcotics v. Lincoln Cnty.*, 605 So. 2d 802, 804 (Miss. 1992) (emphasis added). Thus, the Mississippi Supreme Court has held that the forfeiture procedure at issue is unequivocally civil in nature. *See id.* Judge Walker correctly determined that the forfeiture of Nelson's property did not violate the Double Jeopardy Clause. The cases cited by Nelson in his objection actually support Judge Walker's determination.

The Court further finds that Judge Walker's alternative reasons for dismissal, including the *Rooker-Feldman* doctrine and immunity, are neither clearly erroneous nor contrary to law. The Court is not required to conduct a de novo review of these findings, because Nelson did not object to them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."); *see also Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

## CONCLUSION

For the foregoing reasons, the Court finds that Judge Walker's Report and Recommendation should be adopted as the opinion of this Court, and the Motions to Dismiss filed by the parties should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [20] entered by United States Magistrate Judge Robert H. Walker

is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Motion to Dismiss [8] filed by Lauren Barnes Harless, the Motion to Dismiss [10] filed by A. Morris Sweatt, the Motion to Dismiss [13] filed by the Pearl River County Sheriff's Department, the Motion to Dismiss [14] filed by Judge Prentiss G. Harrell, the Motion to Dismiss [16] filed by David Allison, Justin Farmer, Joe Garcia, Van Giadrosich, and Donnie Saucier are **GRANTED**. This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of July, 2015.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge